UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SPENCER R. MCCLAIN,

    Plaintiff,

 v.            Case No. 23-C-860

JOHN CHISOLM, et al.,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

  On October 4, 2023, the Court dismissed this case at screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Dkt. Nos. 13-14. The claims involving Plaintiff Spencer R. McClain's wrongful conviction were dismissed *without prejudice* pursuant to *Heck* v. *Humphrey*, 512 U.S. 477 (1994). Dkt. No. 13. The remainder of the claims were dismissed *with prejudice* based on failure to state a claim upon which relief could be granted. *Id*. On October 25, 2023, Plaintiff filed a response to the dismissal order, along with a motion for reconsideration. Dkt. No. 15. Plaintiff states that he "concedes" that the Court's analysis of his civil complaints was correct, but he maintains that his amended temporary restraining order "is unrelated to the complaints." *Id*. Instead, the amended temporary restraining order relates to his criminal case, *State v. McClain*, Case No. 18CF5786, and he asks the Court to order the State to provide him with exculpatory evidence. *Id*.

  The Court has no authority to issue a temporary restraining order absent a pending action before it. Since, as Plaintiff concedes, his civil case was properly dismissed, he has no pending case before this Court. It thus follows that the Court cannot issue a restraining order.

As explained in prior orders, Plaintiff cannot challenge his criminal conviction through a §1983 lawsuit. Dkt. Nos. 9 & 13. To the extent Plaintiff claims that the state withheld exculpatory evidence in his state criminal case, he must first exhaust his remedies in state court. Federal courts do not intervene in ongoing state criminal proceedings absent a showing of exceptional circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). Federal relief from state criminal convictions is available to state prisoners under 28 U.S.C. § 2254 only after they have exhausted all of their state court remedies. This lawsuit is not the appropriate vehicle to retrieve the exculpatory evidence he seeks in connection with a state court criminal case. Accordingly, the Court will deny the motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 15) is **DENIED**.

Dated at Green Bay, Wisconsin this 26th day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
